UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRODERICK V. BULLOCK, SR.,

Plaintiff,

v.   CAUSE NO.: 3:19-CV-24-JD-MGG

NOE MARANDET, et al.,

Defendants.

OPINION AND ORDER

Broderick V. Bullock, Sr., a prisoner without a lawyer, filed an amended complaint and a motion for a preliminary injunction. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Bullock alleges that he received treatment for an ankle fracture from Dr. Mullis at Eskenazi Health before he arrived at the Miami Correctional Facility in January 2018. However, medical staff at the prison have not followed the instructions he received from Eskenazi Health. For example, Kim Myers prevented him from

obtaining Ultram as prescribed by Dr. Mullis. Dr. Marandet prescribed him anti-inflammatory medication instead of Ultram. Lynn Frye prevented him from attending his follow up appointments with Eskenazi Health. Warden Hyatt left an elevator unrepaired for two months, which forced Bullock to climb stairs on his fractured ankle against Dr. Mullis' instructions. For his claims, Bullock seeks money damages.

Bullock asserts Eighth Amendment claims of deliberate indifference against Dr. Marandet, Lynn Frye, Warden Hyatt, and Kim Myers for not following Dr. Mullis' medical instructions. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Though these defendants may have had valid reasons for their conduct, Bullock states a plausible Eighth Amendment claim of deliberate indifference to serious medical needs against them.

Bullock also names Bobbi Witham as a defendant, alleging that she interfered with previously ordered treatment. However, Bullock offers no further context as to how Witham violated his constitutional rights, including the type of previously ordered

treatment at issue or a description of how she interfered with it. Similarly, Bullock names Nurse Lisa as a defendant, alleging that she refused to diagnose and treat his injuries, but he offers no details regarding his injuries or the circumstances of her refusal to address them. Because these allegations are too vague to state a claim upon which relief can be granted, Bullock cannot proceed against these defendants, and they are dismissed. Additionally, the electronic docket includes Nurse OSB II as a defendant. Though the amended complaint lists Nurse OSB II as a defendant, it appears that this name refers to Nurse Lisa rather than another individual. Therefore, Nurse OSB II is also dismissed.

In the motion for a preliminary injunction, Bullock seeks an appointment with Dr. Mullis at Eskenazi Health. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment for the ankle fracture as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Further, William Hyatt, as the warden of the Miami Correctional Facility, has both the authority and the responsibility to ensure that Bullock receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, William Hyatt is the proper party to respond to the motion for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Broderick V. Bullock, Sr., leave to proceed on an Eighth Amendment claim for damages against Dr. Marandet, Lynn Frye, Warden Hyatt, and Kim Myers for not following Dr. Mullis' instructions in relation to an ankle fracture;

(2) DISMISSES Nurse OSB II, Bobbi Witham, and Nurse Lisa;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Marandet, Lynn Frye, Warden Hyatt, and Kim Myers at the Indiana Department of Correction with a copy of this order, the amended complaint (ECF 16), and the motion for preliminary injunction (ECF 19) as required by 28 U.S.C. § 1915(d);

(5) ORDERS Warden Hyatt to respond to the motion for preliminary injunction (ECF 19) by July 19, 2019; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Marandet, Lynn Frye, Warden Hyatt, and Kim Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Broderick V. Bullock, Sr., has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2019

                                              /s/ JON E. DEGUILIO  
                                              JUDGE  
                                              UNITED STATES DISTRICT COURT