UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRODERICK V. BULLOCK, SR.,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-024-JD-MGG

NOE MARANDET, et al.,

Defendants.

OPINION AND ORDER

Broderick V. Bullock, Sr., a prisoner without a lawyer, filed a motion for a preliminary injunction seeking an order for him to be transported to a medical appointment with Dr. Mullis at Eskenazi Health in Indianapolis for the treatment of a fracture of his right ankle. ECF 19. As previously explained, because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief, if an injunction is granted, it will be limited to requiring Warden Hyatt insure Bullock is provided medical treatment for his ankle fracture as required by the Eighth Amendment. ECF 20 at 3. Warden Hyatt was ordered to respond to the motion for a preliminary injunction for the purpose of explaining how the current medical treatment Bullock is receiving for his ankle meets the constitutional requirements of the Eighth Amendment. ECF 20. The Warden has responded and Bullock has replied. ECF 32 and 34.

In the preliminary injunction motion filed on June 12, 2019, Bullock states his right "ankle is in complete pain." ECF 19 at 2. In response, the Warden documents that

Bullock was seen by various medical providers on May 11, 2018; May 22, 2018; May 29, 2018; June 18, 2018; October 29, 2018; and November 13, 2018. ECF 32-1. The Warden argues Bullock "has received continual medical treatment for his right ankle," but the evidence presented here does not support that assertion. ECF 32 at 6. There is no indication in this record that Bullock has been seen by any medical providers in over nine months. The Warden's response is shockingly inadequate. More to the point, the evidence before the court for this preliminary injunction shows Bullock has not received the medical care required by the Eighth Amendment.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted).

The uncontradicted evidence before the court at this time is that Bullock is in serious pain because of an injury to his right ankle. He has not been seen by a medical

professional in more than nine months. The ongoing suffering caused by pain is an irreparable harm. Money can compensate for past pain, but that alone is not a justification for unnecessarily protracting current suffering. As presented, Bullock has some likelihood of success. As for balancing harms, the Warden argues "[a]llowing every inmate to petition the Court for specific medical care simply because he/she disagrees with medical professionals would create a dangerous precedent." ECF 32 at 8. However, that is not what is happening here. The court has already explained that specific medical care is not within the scope of the injunctive relief Bullock can obtain in this case. Moreover, there is no evidence Bullock is disagreeing with medical professionals in this case. The uncontradicted evidence before the court in this case is that he has not been seen by a medical professional for more than nine months. Finally, the public interest weighs in favor of granting a preliminary injunction in this case because prisoners have a constitutional right to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Therefore the court will grant the motion for a preliminary injunction to the extent Warden Hyatt in an official capacity will be ordered to have Bullock examined and treated by a licensed physician. The Warden argues he "is <u>not</u> a medical professional." ECF 32 at 5 (emphasis in original). However nothing in this injunction order requires that he be a medical professional. Most people are not medical professionals. Yet most successfully obtain critical medical care for themselves and their families. Being a medical professional is not a pre-requisite for being able to find a medical professional to provide needed care. "[T]he warden . . . is a proper defendant

3

[for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

The injunction will set a deadline for the Warden to get Bullock to a physician, but it will not specify which physician because inmates are not "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Nor will the injunction dictate how Bullock's pain is to be treated because, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Neither will the injunction require that Bullock's pain be alleviated because "[t]o say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." *Id*.

For these reasons, the motion for preliminary injunction (ECF 19) is GRANTED to the extent Warden Hyatt in an official capacity is ORDERED to have Broderick V. Bullock, Sr., examined by a licensed physician and treated for the pain Bullock has in his right ankle in the manner prescribed by the physician. Warden Hyatt is ORDERED to file a medical report documenting compliance with this order by **noon (South Bend Time), August 23, 2019**. The clerk is DIRECTED to electronically send a copy of this order to Warden Hyatt at the Indiana Department of Correction.

SO ORDERED on August 16, 2019

                                                  /s/ JON E. DEGUILIO
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT