UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRODERICK V. BULLOCK, SR.,

Plaintiff,

v.                                                          CAUSE NO.: 3:19-CV-24-JD-MGG

NOE MARANDET, et al.,

Defendants.

OPINION AND ORDER

Broderick V. Bullock, Sr., a prisoner without a lawyer, is proceeding in this case, "on an Eighth Amendment claim for damages against Dr. Marandet, Lynn Frye, Warden Hyatt, and Kim Myers for not following Dr. Mullis' instructions in relation to an ankle fracture. . .." ECF 20 at 4. The defendants filed a joint summary judgment motion, arguing Bullock failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). ECF 81. Bullock has responded. ECF 84.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893(7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,282 (7th Cir. 200 3). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durfiinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the parties do not dispute either the existence or terms of the grievance policy at the Miami Correctional Facility. *See* ECF 81-2. Neither do they dispute that Bullock has filed six grievances while at the Miami Correctional Facility through February 18, 2020. *See* ECF 81-3 at 1. However, since Bullock began this lawsuit when he signed the original complaint on November 27, 2018, only three of those grievances are relevant because 42 U.S.C. § 1997e(a) requires that he exhaust before filing suit. *See* ECF 2 at 5 and *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). To complete the

grievance process, an inmate must file "[a] written appeal to the Department Grievance Manager." ECF 81-1 at 2. The parties do not dispute that Bullock did not file a written appeal to the Department Grievance Manager for any of the three Miami Correctional Facility grievances he filed before initiating this lawsuit. *See* ECF 81-3 at 1.

Rather, Bullock argues, "[t]he Department does not require an offender who is satisfied with the result at any step to proceed further with the process." ECF 84 at 3. Bullock is correct the grievance policy states, "[i]f . . . the offender is still dissatisfied . . . he/she may appeal to the Department Offender Grievance Manager." ECF 81-2 at 12. However, he provides no explanation as to how any of the three grievance responses could have possibly satisfied his concerns about the defendants' refusal to follow Dr. Mullis' instructions in relation to his ankle fracture. In response to Grievance 102026 he was told:

> While investigating your grievance, DON R. Gwillim was contacted. She sent the grievance to NP Myers. NP Myers response was the following: "I have already responded to him regarding this issue. He refuses physical therapy which is the recommendation of the orthopedic surgeon and until he is capable of ambulating without any use of the wheelchair he will not be ordered tennis shoes." You need to follow your plan of care established by the providers. Your grievance is denied.

ECF 81-4 at 2. In response to Grievance 102212 he was told:

> While investigating your grievance, DON R. Gwillim was contacted. She stated, "You were caught with your prescribed ultram in your hand by Sgt Heishman after you had left the med window and went to the mailbox. This is considered misuse of medication and the provider discontinued it. It will not be renewed at this time." Your grievance is denied.

ECF 84-4 at 4. In response to Grievance 102571 he was told:

3

> While investigating your grievance, DON R. Gwillim was contacted. She stated, "As you have been informed now on several occasions, the specialist has recommended you be "weaned into shoes or boots that provide more support" on your 5/11/18 offsite appointment. The provider has documented that you currently have boots and have been witnessed wearing tennis shoes by custody. It is also documented that you continue to refuse follow the specialist plan of care recommending outpatient physical therapy and you have been caught misusing your medication. Neither I, nor NP Myers take your noncompliance with medical care or continual threats of lawsuits personally, but it is necessary to take in to consideration your actions which directly contradict your prescribed plan of care when determining the medical necessity of your requests."
> 
> l have contacted custody staff to look into this matter. When the grievance was originally filed, Officer Wensauer said you did have a pair of tennis shoes. Since then, Lt. Bennett has checked, and your tennis shoes are no longer there. Regardless, the order that you have stated tennis shoes or boots that provide more support. You do have boots. As for the use of your wheelchair, you were misusing the wheelchair, allowing other offenders to use it as a toy. The physical therapy was for outpatient therapy. The facility is considered outpatient therapy, and you have been refusing to go. The request you had for the staff to be fired is inappropriate. You are receiving appropriate medical care. It is up to you to do as you were instructed to ensure it is the best care you can receive. Your grievance is denied.

ECF 84-4 at 6.

None of those grievance responses demonstrate that his concerns about the defendants refusal to follow Dr. Mullis' instructions in relation to his ankle fracture had been satisfied. Therefore before he could bring this lawsuit he was required to appeal those grievance denials to the Department Offender Grievance Manager, but he did not. Therefore he did not exhaust his administrative grievances and this lawsuit must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a) and *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532,535 (7th Cir. 1999).

Bullock asks the court to hold a *Pavey* hearing to resolve any disputed facts. However, there are no genuine facts in dispute. The grievance policy required that he appeal to the Department Offender Grievance Manager to complete the grievance process. He claims he did not do so (and did not have to do so) because he was satisfied with the grievance responses he received. However, those responses did not resolve the claim he raises in this lawsuit about the defendants refusal to follow Dr. Mullis' instructions in relation to his ankle fracture. Nothing in the responses he received granted his grievances or showed that the defendants complied with Dr. Mullis' instructions in the way Bullock wanted them to.

For these reasons, the summary judgment motion (ECF 81) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE because Broderick V. Bullock, Sr., did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on March 4, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT